UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

STEPHANIE SINCLAIR

                Plaintiff,

        v.                                            COMPLAINT

PAMELA GELLER, individually and as
Executive Director of
AMERICAN FREEDOM DEFENSE INITIATIVE,
(a.k.a. STOP ISLAMIZATION OF AMERICA),

                Defendants.

---------------------------------------------------------------------X

Comes now Plaintiff STEPHANIE SINCLAIR, by and through her attorney, James Bartolomei Esq., and alleges as follows:

## I. NATURE OF THE ACTION

1. This action seeks damages from conduct involving copyright claims under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"), multiple, direct and willful copyright infringements in violation of 17 U.S.C. §§ 106 and 501, multiple violations of copyright management information under 17 U.S.C. §1202 and 1203, contributory copyright infringements alleged against Defendants Pamela Geller and her group, American Freedom Defense Initiative (a.k.a. STOP ISLAMIZATION OF AMERICA).

2. Plaintiff STEPHANIE SINCLAIR has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and this court has exclusive jurisdiction over copyright infringement claims.

## II. PARTIES

3. At all times herein mentioned, Plaintiff SINCLAIR, is a resident of the state of New York.

4. Defendant Pamela Geller ("Geller") is, upon information and belief, a resident of the state of New York, with a business address at 1040 1st Avenue #121, New York, New York 10022, operating a blog called "Geller Report" or otherwise known as "Atlas Shrugs," and is Executive Director of Defendant American Freedom Defense Initiative (a.k.a. STOP ISLAMIZATION OF AMERICA).

5. Defendant American Freedom Defense Initiative ("AFDI") claims to be a nonprofit corporation with its articles of agreement filed in New Hampshire, and an office address at 1040 1st Avenue #121, New York, New York 10022 within the Southern District of New York.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights and unfair competition) with all remaining causes of action being brought under 28 U.S. Code § 1367 under this Court's supplemental jurisdiction.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants' principle place of business can be found in this District. Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because all Defendants may be found in this District.

8. This Court has *in personam* jurisdiction over Defendants because the Defendants availed itself of the privileges of conducting business in this district and the State of New York

and incurred a benefit from such infringement, thus, it is reasonable for Defendants to submit to the jurisdiction of the Southern District of New York.

## IV. FACTUAL BACKGROUND

9. Plaintiff SINCLAIR is an award-winning freelance photojournalist who focuses on sensitive, gender and human rights issues such as child marriage and self-immolation around the world.

10. SINCLAIR has received numerous awards including a Pulitzer Prize, the CARE International Award for Humanitarian Reportage, the Overseas Press Club's Olivier Rebbot Award, an unprecedented three Visa D'Ors, and three (3) World Press Photo awards.

11. SINCLAIR's work has been exhibited globally, including at the Whitney Biennial in New York City.

12. SINCLAIR has been and still is a regular contributor to National Geographic and The New York Times Magazine, and has been internationally recognized for her work in hostile, war-torn regions of the world such as the lead up to and aftermath of the second Iraq War.

13. After a stint with the Chicago Tribune, she spent six (6) years in the Middle East covering the region as a freelance photographer.

14. Defendant Pamela Geller is the founder, editor and publisher of an online blog, Pamelageller.com (formerly or otherwise known as Atlas Shrugs), and is Executive Director of Defendant AFDI (a.k.a. Stop Islamization of America (SIOA)), and is author of *The Post-American Presidency: The Obama Administration's War on America*.

15. Defendant AFDI claims to be an "educational organization designed to defend the Constitutional principles against academic, cultural, sociological, and other attacks upon them, and to exposing media bias in reporting upon such attacks."

16. AFDI, lead by its Executive Director, Defendant Geller, is most known for being an anti-Muslim figurehead and in 2013 the United Kingdom banned Defendant Geller and her associate Robert Spencer due to their anti-Muslim hate group activities.

17. Defendant Geller has a reputation for her public statements denunciating Islam, and other such claims that President Barak Obama's birth certificate was a forgery, and "Obama is a third [worlder] and a coward, and will do nothing but beat up on our friends to appease his Islamic overlords."

18. Upon information and belief, Defendant Geller's blog, Pamelageller.com, is supported both financially and operationally by Defendant AFDI.

19. Upon information and belief, Defendant Geller and her blog generate revenue to operate, in part, through advertising on Geller's web site, www.pamellageller.com as well as donations.

20. On or about October 16, 2014, Defendants published three (3) of Plaintiff SINCLAIR's copyrighted images on Geller's blog, as is more fully described below and attached as Exhibit "A" (with arrows indicating the images), plus the registered copyrights.

21. For the images in Exhibit "A," Defendants intentionally and likely knowingly removed Plaintiff's copyright management information despite having knowledge that the images belonged to SINCLAIR.

22. As it shown below in prior blog post by Defendants on November 12, 2012 (http://pamelageller.com/2012/11/love-islamic-style.html/) that displayed one of the same SINCLAIR copyrighted images and credited SINCLAIR in that 2012 post, the display of this image demonstrates that Defendants had actual knowledge that the images in Exhibit A belonged to SINCLAIR when Defendants published the image again in 2014 and intentionally removed

credit of the image's copyright management information. The screenshot of the image was captured on December 5, 2016 of the image and post:



23. Sometime in or about September 2015, Plaintiff SINCLAIR discovered that Defendant Geller and AFDI had illegally published Plaintiff SINCLAIR's copyrighted photos, embedded the images in a story written by Geller (the first, second, and third images in the story are attached as Ex. A) and, intentionally removed the copyright management information from the images when she knew or should have reasonably known that SINCLAIR owned the

copyright to at least one (if not all) of the three images after having used one of the images in its November 12, 2012 post (see above) that did credit SINCLAIR.

24.     SINCLAIR has demanded that Defendants also remove the image from the 2012 post.

25.     Defendants' usage of Plaintiff's copyrighted images along with Defendants' blog story using the images as if they belonged to Defendants or implying that they had permission to use the images, implicitly suggests that Plaintiff supported Defendants' hate speech positions on Islam, human rights issues, the US Government and attack on the Obama Administration, likely damaging Plaintiff's reputation as a photojournalist, devaluing her images, or worse putting her in danger when she traveled to areas of the world with Muslim populations.

26.     On or about October 17, 2015, Plaintiff SINCLAIR demanded that Defendants remove the images from Defendants' site and compensate her for the market value of her images that it displayed without permission.

27.     The images in exhibit "A" have been removed from Defendants' web site.

28.     In or about October 2016, Plaintiff SINCLAIR discovered another two (2) blog posts by Defendants at http://pamelageller.com/2008/01/goebbels-lite-t.html/ and http://pamelageller.com/2008/07/new-york-time-2.html/ that displayed two (2) images on each blog post (four (4) separate infringements) that not only infringed upon SINCLAIR's images, but also again removed SINCLAIR's copyright information from the images, and instead attributed credit to Geller.  See Attached Exhibit B (images are marked with an arrow).

29.     The images have been removed after Defendants' received notice.

30.     Defendants knew or should have known that SINCLAIR owned the images in question, and intentionally removed the copyright management information about the images.

31.     The two (2) images displayed on two (2) separate blog posts (attached as Ex. B) are Plaintiff SINCLAIR's copyrighted images, including the registered copyrights that are also attached.

## V. CAUSES OF ACTION

### COUNT I: INFRINGEMENT OF SINCLAIR'S COPYRIGHTED IMAGES

32.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

33.     Plaintiff SINCLAIR is, and at all relevant times has been, the sole copyright owner with exclusive rights under United States copyright with respect to certain copyrighted photographic images, including the five (5) copyrighted photographic images identified in Exhibits A and B attached hereto, each image of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights (the "Copyrighted Images"), titled "Group Registration Photos, Child Brides Afghanistan; published February 1, 2007 to June 2, 2007 16 photos" attached in Exhibit A and titled "A Cutting Tradition: Female Circumcision in Indonesia" attached in Exhibit B.

34.     The display of those five images in seven separate displays by Defendants represent seven (7) different acts of infringement by Defendants.

35.     Among the exclusive rights granted to Plaintiff SINCLAIR under the Copyright Act are the exclusive rights to reproduce the Copyrighted Images and to distribute the Copyrighted Images to the public.

36.     Defendants, without the permission or consent of Plaintiff SINCLAIR, have used the Copyrighted Images, to distribute the Copyrighted Images to the public, and/or to make the Copyrighted Images available for distribution to others through Defendants' web site.

37. Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution of his images.

38. Defendants' actions constitute willful infringement of Plaintiff's copyrights and exclusive rights under copyright.

39. Defendants' action infringed on Plaintiff's Copyrighted images, and associated Plaintiff with Defendants' political positions described above.

40. Defendants never sought permission for the use of Plaintiff's copyrighted images despite Plaintiff being a well-known photographer, and Defendants easily having the ability to contact with Plaintiff should they desire to seek permission to display the images.

41. Plaintiff SINCLAIR is informed and believes that the foregoing acts of infringement have been willful and intentional, in total disregard of and with indifference to the rights of Plaintiff.

42. As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Images.

43. Plaintiff further is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

44. Defendants are jointly and severally liable for infringement under statutory damages of $150,000.00 per willful infringement, or alternatively of up to $30,000.00 per image.

45. In the event the photos are still posted or associated with Defendants, the conduct of Defendants are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law.

46. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights, and ordering Defendant to destroy all copies of images made or used in violation of Plaintiff's exclusive rights and to remove images from any site or blog that Defendant controls or owns.

**COUNT II:  VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT (DMCA) § 1202(B) and (C) (COPYRIGHT MANAGEMENT INFORMATION)**

47. Plaintiff incorporates by reference all of the preceding allegations as if fully set forth herein.

48. Plaintiff SINCLAIR alleges that Defendants, without authority of Plaintiff or the law, have intentionally altered the copyright management information of SINCLAIR's copyrighted images by displaying all the images and deleting any reference to Plaintiff's five (5) images displayed in seven (7) unique, separate places on Defendants' web site (see Exhibits A and B).

49. Defendants' removal of copyright management information from Plaintiff's five (5) images in seven (7) places and subsequent distribution of those images was executed with full knowledge of Defendants, or alternatively, Defendants had reasonable grounds to know, that it would induce, enable, facilitate, or conceal an infringement of any right under this title of Plaintiff's rights under copyright law, and in disregard of Plaintiff's rights.

50. Based on 17 U.S.C. §1202 and 1203, Plaintiff suffered damages of up to $25,000.00 per image under §1203(c), attorney's fees and expenses under §1203(b), and treble damages under §1203(c)(4) for Defendant's repeated violations under this statute despite prior take down notices.

51. Upon information and belief, Defendants may have displayed additional images that were copyrighted by Plaintiff without seeking permission having an exception under the law.

## COUNT III: UNFAIR TRADE PRACTICES
## IN VIOLATION OF N.Y. GEN. BUS. LAW § 349

52. Plaintiff incorporates by reference all of the preceding allegations as if fully set forth herein.

53. Defendants have engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq*.

54. Infringing upon Plaintiff's copyrighted material and intentionally removing copyright management information from that material is an unfair, unconscionable and deceptive act and practice that harms lawful competition, trade and commerce and is contrary to the public policy of New York to protect consumers for unlawful and deceptive behavior in business and consumer transactions.

55. The conduct of the Defendants described herein constitutes consumer orientated deceptive acts and practices within the meaning of N.Y. Gen. Bus. Law § 349, which resulted in consumer injury, and broad adverse impact on the public at large, and harmed the public interest of New York State in an honest marketplace in which economic activity is conducted in a competitive manner.

56. Defendants' conduct substantially affected New York commerce.

57. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages to be determined at trial.

58. At all relevant times alleged herein, by reason of the foregoing, Defendants have engaged in unfair competition, unconscionable, false and deceptive behavior in violation of Gen. Bus. Law §§ 349, *et seq*. Accordingly, Plaintiff seeks all relief available under New York Gen. Bus. Law §§ 349(h), *et seq*.

59. As a result, Plaintiff has sustained damages in an amount to be determined at trial.

## VI. DAMAGES

60. Defendant's conduct caused damages as follows:

   a. Copyright infringed on Plaintiff's five (5) images in seven (7) separate, unique displays, with statutory damages of $30,000 for each infringement or alternatively $150,000 per willful infringement;

   b. Violation of copyright management information under 17 U.S.C. §1202 and 1203 in the amount of $25,000 per image, plus attorney's fees, and for triple damages for Defendants' repeating violations, and/or

   c. Harm to Plaintiff's reputation, market value of her copyrighted images by being associated with Defendants' political speech and blog posts.

61. As a result, Plaintiff has sustained damages in an amount to be determined at trial.

## VII. JURY TRIAL DEMANDED

62. Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs respectfully demand a trial by jury of all the claims asserted in this Complaint so triable.

## VIII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully request that the Court enter judgment on his behalf adjudging and decreeing that:

   A. For an injunction providing:

   "Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiff's rights under federal law in the Copyrighted Images, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Images"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's

11

Images, to distribute (i.e., upload) any of Plaintiff's Images, or to make any of Plaintiff's Images available for distribution to the public, except pursuant to an exception under the law or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Images that Defendant has downloaded onto any computer hard drive or server and to remove any Images from the internet that Defendants have control in."

B. For statutory damages for each infringement of each Copyrighted Image pursuant to 17 U.S.C. § 504 in the amount of $30,000.00 per infringement and alternatively, $150,000.00 per willful infringement.

C. For statutory damages for each infringement of each Copyrighted Image pursuant to 17 U.S.C. §1202 and 1203 in the amount of $25,000.00 per infringement and triple damages for repeating violations of copyright management information of Plaintiff's images.

D. For Plaintiff's reasonable attorneys' fees and costs incurred herein.

E. For such other and further relief as the Court may deem just and proper.

Dated: December 5, 2016

Respectfully submitted,

By:  /s/ James Bartolomei Esq.

James Bartolomei Esq.
736 West End Ave, 4A
New York, New York 10025
Jim@Bartolomei.org